IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MANUEL MEDINA, Individually and On Behalf of All Similarly Situated Persons,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 5:18-cv-1254 |
| GREENWELL ENERGY SOLUTIONS, LLC,<br>    Defendant. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Manuel Medina and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendant, its subsidiaries and affiliated companies.

**Parties**

1.    Plaintiff Manuel Medina ("Medina"), a former employee of Defendant, was personally engaged in interstate commerce during his employment with the Defendant, and is represented by the undersigned.

2.    Defendant Greenwell Energy Solutions, LLC ("GES") is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Plaintiff, GES is subject to the provisions of the FLSA. GES was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had

gross annual revenues in excess of $500,000.00.  GES may be served through its registered agent, Peter T. Shaper at 2000 B Edwards, Houston, TX 77007, or wherever he may be found.

## Jurisdiction and Venue

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Facts Supporting Relief

4. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

5. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

6. At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and his work was essential to Defendant's business(es).

7. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

8. During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

9. Plaintiff Manuel Medina worked for Defendant as a field supervisor and field operator from July 24, 2017 until February 16, 2018.  Medina's duties included, but were not limited to, ensuring safety on the worksite, monitoring the health and safety of employees, monitoring the environment where employees worked, verification that employees followed health and safety policies, making sure the jobs being performed were being performed safely and correctly, running operations in the torque and test division, testing stresses on pipes and other machinery, and helping crew when they were short-handed.  Mr. Medina carried out the same work done by individuals who were on his crew and actually participated frequently in the field work being done.  Mr. Medina spent the majority of his time working outside and in the field.

10. During his tenure with the Defendant, Plaintiff regularly worked in excess of 40 hours per week.

11. Plaintiff was paid on a salary basis and was not paid an overtime premium for hours worked over 40 hours per workweek.

12. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work.

13. Defendant is liable to the Plaintiff and the Members of the Class, as defined below, for the damages sought herein, as defined in terms of the FLSA.

### Plaintiff's Individual Allegations

14. Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty-(40)-hours in each workweek.

15. Defendant failed to pay the Plaintiff the required overtime premium in many such

workweeks that the Plaintiff was employed by Defendant, as the Plaintiff worked in excess of 40 hours in most weeks.

16. No exemption excuses the Defendant from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendant has not made a good faith effort to comply with the FLSA.

17. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

18. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

## Collective Action Allegations

19. Other employees have been victimized by the Defendant's pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendant have been imposed on the Members of the Class. Upon information and belief, Plaintiff contends that Defendant makes a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays all other field supervisors and operators on the same basis as the Plaintiff or pays the Members of the Class a salary without paying the time and one-half overtime premium for hours worked over 40.

20. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of work that the Plaintiff performed. Accordingly, the employees victimized by the Defendant's unlawful practices are similarly situated to Plaintiff in terms of their job duties.

21. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

22. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

23. No justification or exemption excused the Defendant from paying the Members of the Class for all work performed and time spent working, and the Defendant did not make a good faith effort to comply with the FLSA. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

24. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed as field operators and field supervisors who were paid on a salary basis by Defendant Greenwell Energy Solutions, LLC during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

25. Defendant violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendant.

26. Plaintiff and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

27. Defendant is liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Demand for Jury

28. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Greenwell Energy Solutions, LLC as field supervisors and field operators who were paid on a salary basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

6

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF MANUEL MEDINA**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgettlaw@gmail.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**
**MANUEL MEDINA**